IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                          PLAINTIFF

　　　　　　　　v.　　　　　　　　Civil No.  10-3117

UNITED STATES DEPARTMENT OF
JUSTICE; and ERIC H. HOLDER, UNITED
STATES ATTORNEY GENERAL                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Dale B. Adams (Adams), filed this complaint against the United States

Department of Justice (DOJ) and Eric H. Holder, the United States Attorney General under the

provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Administrative

Procedure Act (APA), 5 U.S.C. § 701.  Plaintiff maintains the DOJ has failed to provide him all

documents responsive to his FOIA request.

The parties have filed cross-motions for summary judgment (Doc. 28 & Doc. 35).  The

motions are ready for decision.

### 1.  Background

On August 30, 2010, Adams sent an FOIA request to the DOJ.  Doc. 10-1, Exhibit A;

Doc. 35-1, Exhibit 3.  He requested the following: (1) any and all information, records, call logs,

emails, photographs, and sound or visual recordings, memos, any contact or any correspondence

regarding him and the DOJ and the Federal Bureau of Investigation (FBI); (2) any and all

communications the DOJ had received from the Department of Defense, the United States Health

and Human Services, Homeland Security or any state or federal agency regarding him or Tyson

-1-

Foods;[1] and (3) any and all records the DOJ has about his criminal record. Adams requested expedited processing. Id.

The DOJ responded to the request, designated #2010-3167, on January 31, 2011. Doc. 35-1, Exhibit 4. It had located a total of five pages of responsive material. *Id*. Three pages were withheld in full and two pages were released in part. *Id*. The DOJ relies on two exemptions for withholding the material § 552(b)(5) and § 552(b)(6).[2]

A *Vaughn* Index was compiled showing that Document 1, a letter dated August 25, 2009, from Deborah Groom, Assistant United States Attorney to the Department of Agriculture, was produced in full except for the name of the recipient. Doc. 35-1, Exhibits 4 & 5. The name of the recipient was withheld under § 552(b)(6) to "protect third-party individuals from a clearly unwarranted invasion of privacy which could subject them to harassment and possible harm." Doc. 35-1, Exhibit 5.

Document 2 consisted of e-mails dated April 12, 2010, and April 15, 2010. Doc. 35-1, Exhibit 5. The document was produced in full except for the names of the senders and recipients. *Id*. The names of the senders and recipients were withheld under § 552(b)(6) to "protect third-party individuals from a clearly unwarranted invasion of privacy which could subject them to harassment and possible harm." *Id*.

Document 3 consisted of e-mails dated March 9, 2010, and April 12, 2010. Doc. 35-1, Exhibit 5. The e-mails discussed the nature of Adams' "communications as to whether such

---

[1] Adams filed an employment discrimination suit against Tyson Foods, Inc., Civil No. 09-3054. The case is closed.

[2] A "*Vaughn* index provides a broad description of the requested material or information and the agency's reason for withholding each document or portion of a document." *Carpenter v. U.S. Dept. of Justice*, 470 F.3d 434, 442 (1st Cir. 2006)(*citing Vaughn v. Rosen*, 484 F.2d 820, 824 (D.C. Cir. 1973)).

AO72A
(Rev. 8/82)

communications constituted a threat and what action could be taken." *Id*.  The e-mails were withheld pursuant to §§ 552(b)(5) and 552(b)(6).  With respect to § 552(b)(5) it was noted that it was relied on "to prevent the release of pre-decisional information under the deliberative process privilege.  The disclosure of pre-decisional information would discourage candid communication among government personnel and disrupt the federal decision-making process." *Id*.  The documents were also withheld under § 552(b)(6) to "protect third-party individuals from a clearly unwarranted invasion of privacy which could subject them to harassment and possible harm." *Id*.

Adams also submitted a document dated October 24, 2010, and entitled "notice of intent to file suit against Judge Jimm L. Hendren." Doc. 35-1, Exhibit 1.  The DOJ assigned this document request #2010-3987. Doc. 35-1, Exhibit 2.  No documents were released. *Id*.  Adams did not appeal this decision thus failing to exhaust his administrative remedies.

Finally, Adams submitted a request dated December 17, 2011. Doc. 29-1, Exhibit A. This request was submitted after this case was filed and is not before the Court.

The amended complaint also contains various allegations unrelated to the FOIA requests and involving multiple agencies and individuals who are not parties to this case.  For example, the amended complaint contains allegations about the Patriot Act and how it violates the constitutional rights of the citizens; how Adams was erroneously put on the Patriot watch list; Tyson Foods' wrongdoing and conspiracy with the DOJ to "get [him] convicted of a crime;" the death of two of his family members as a result of Adams being placed on the Patriot Act watch list; a conspiracy to defraud Adams and harm a lawsuit he had filed against Tyson Foods, Civil No. 09-3054; Tyson Foods' "habit of violating numerous" federal laws; DOJ's violation of the

-3-

American Recovery and Reinvestment Act (ARRA); and the United States Department of Agriculture (USDA) and its award of grants to Tyson Foods; and Tyson Foods' violations of the 1906 Food and Drug Act, the Wholesale Meat Act, the Securities and Exchange Act of 1933.

### 2.  Applicable Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."  *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

### 3.  The FOIA

The FOIA was enacted "to facilitate public access to Government documents." *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991)(citation omitted).   Subject to certain statutory exemptions, federal agencies "upon any request for records which reasonably describe such records . . . make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A). "The statutory scheme provides public access to government information 'shielded unnecessarily' from the public and establishes a 'judicially enforceable public right to secure such information from possibly unwilling official hands.'" *Electronic Frontier Foundation v. Officer of the Director of National Intelligence*, 639 F.3d 876, 882 (9th Cir. 2010)(*quoting John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)).

AO72A
(Rev. 8/82)

The "FOIA . . . mandates that an agency disclose records on request, unless they fall within one of nine exemptions. These exemptions are explicitly made exclusive and must be narrowly construed." *Milner v. Dept. of Navy*, ___ U.S. ___, 131 S. Ct. 1259, 1262, 179 L. Ed. 2d 268 (2011). Non-exempt information may be withheld only when it "is so interspersed with exempt material that separation by the agency, and policing of this by the courts would impose an inordinate burden." *Carpenter v. U.S. Dept. of Justice*, 470 F.3d 434, 442 (1st Cir. 2006)(internal quotation marks and citations omitted).

### *Exemption (b)(6)--Documents 1 and 2*

Exemption (b)(6) permits an agency to withhold documents when they are "personnel and medical files and similar files the disclosure of which would constitutes a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). With respect to Documents 1 and 2, the Defendants properly withheld the name of the recipients and/or the names of the senders. "[F]ederal employees have a privacy interest in the non-disclosure of their names." *United States Dep't of Navy v. Federal Labor Relations Auth.*, 975 F.2d 348, 353 (7th Cir. 1992). "[R]edaction of [Government] employee initials and the like [does not] inhibit[] the public's understanding of the [government agency], and no "substantial public interest would served by release of this information." *Becker v. I.R.S.*, 34 F.3d 398, 404 (7th Cir. 1994).

### *Exemption (b)(5)--Document 3*

The Defendant relies on both exemption (b)(6) and exemption (b)(5) for Document 3 which was withheld in full. Exemption (b)(5) allows an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The provision has been

interpreted "to cover materials that reflect the personal opinions of the writer rather than the policy of the agency but not factual material that does not reveal the deliberative process." *Batton v. Evers*, 598 F.3d 169, 183 (5th Cir. 2010)(internal quotation marks and cites omitted). Defendant has the burden of proving what deliberative process was involved and what role the documents played in the process. *Becker v. I.R.S.,* 34 F.3d 398, 403 (7th Cir. 1994).

"To substitute for *in camera* review, a *Vaughn* index must describe the withheld material with reasonable specificity so that the reviewing court can determine whether the exemption from disclosure applies." *Rein v. U.S. Patent & Trademark Officer*, 553 F.3d 353, 366 (4th Cir. 2009). The description of Document 3 contained in the *Vaughn* index provides: "E-mails dated March 9, 2010 and April 12, 2010; discussing the nature of Mr. Adams' communications as to whether such communications constituted a threat and what action could be taken." *Def't's Ex.* 5. In support of the withholding of the entire e-mails, the Defendants assert that "[t]his information is all inextricably intertwined to the extent that there is no reasonably segregable material." *Id.* With respect to this document, the *Vaughn* index provides inadequate information for the Court to determine whether Document 3 was properly withheld in full. It will be necessary for the Court to review Document *in camera*.

### *Request for Expedited Processing*

In Plaintiff's August 30th FOIA request, he asked for expedited processing. The FOIA requires an agency to determine within twenty days (excluding Saturdays, Sundays, and legal public holidays) whether documents should be provided or withheld and the reasons therefor. 5 U.S.C. § 552(a)(6)(A)(i). An agency may by written notice obtain a ten day extension of time for unusual circumstances. 5 U.S.C. § 552(a)(6)(B)(i).

-6-

AO72A
(Rev. 8/82)

The FOIA has an expedited processing provision, which requires agencies to "promulgate regulations . . . providing for expedited processing of requests for records" in cases where the "person requesting demonstrates a compelling need." 5 U.S.C. § 552(a)(6)(E)(i). Once a request for expedited processing is made, the agency is required to make a determination of whether to provide expedited processing and notify the person requesting the information within ten days. 5 U.S.C. § 552(a)(6)(E)(ii)(I). Agency action to deny expedited processing or the failure of an agency to respond in a timely manner to a request for expedited processing is subject to judicial review. 5 U.S.C. § 552(a)(6)(E)(iii). However, the Court only has jurisdiction to "review an agency denial of expedited processing" prior to the agency response to the FOIA request. 5 U.S.C. § 552(a)(6)(E)(iv). The Court therefore cannot now review the "denial" of Adams' claim for expedited processing. *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp. 2d 111, 113-114 (D.D.C. 2001). However, the Court does have jurisdiction to review the DOJ's decision to withhold records.

### 5.  The APA

"Under the APA an entity aggrieved by final agency action is entitled to judicial review. While a presumption exists to permit judicial review of agency decisions, the APA [5 U.S.C. § 704] only allows review where there exists "no other adequate remedy in a court.'" *Central Platte National Resources Dist. v. U.S. Dept. of*, 643 F.3d 1142, 1148 (8th Cir. 2011)(internal citations and quotation marks omitted). The "FOIA specifically bars judicial review of an APA claim where the claimant seeks a court order to produce the same documents under both [the] FOIA and the APA. A party may advance an APA claim as well as another type of claim only if the APA claim does not duplicate existing procedures for review of an agency action." *Id.* In this case, the APA

-7-

claim duplicates the FOIA claim.  Defendant is therefore entitled to summary judgment on this claim.

### 6.  Equal Access to Justice Act (EAJA)Claim

In his EAJA claim, Adams seeks an award of legal fees and costs totaling $10,000.   The FOIA contains its own fee provision.  It provides that "reasonable attorney fees and other litigation costs" may be awarded to a complainant who has "substantially prevailed."   5 U.S.C. § 552(a)(4)(E)(i).  Under either the EAJA or the FOIA, *pro se* plaintiffs are not entitled to attorney's fees.  *See e.g., Kay v. Ehrler*, 499 U.S. 432, 437 (1991)(analogous fee shifting provision of 42 U.S.C. § 1988); *Kooritzky v. Herman*, 178 F.3d 1315, 1319 (D.C. Cir. 1999)(EAJA); *Burka v. U.S. Dep't of Health and Human Services*, 142 F.3d 1286, 1290 (D.C. Cir. 1998)(FOIA).

### 7. Compelling DOJ's Compliance with the American Recovery and Reinvestment Act (ARRA)

"The ARRA includes whistleblower provisions to protect employees who report concerns about the use of stimulus funds."  *Gerhard v. D. Const., Inc.*, 2012 WL 893673 (N.D. IL. March 14, 2012); Pub. L. No. 1115 § 1553, 123 Stat. 115 (2009).

> A non-federal employer receiving ARRA funds may not take adverse employment action against an employee who, in the ordinary course of his duties or otherwise, discloses to a person with supervisory authority information that he "reasonably believes" is evidence of: (1) gross mismanagement of an agency contract or grant relating to covered funds; (2) a gross waste of covered funds; (3) a substantial and specific danger to public health or safety related to the implementation or use of covered funds; (4) an abuse of authority related to the implementation or use of covered funds; or (5) a violation of a law, rule, or regulation related to an agency contract (including the competition for or negotiation of a contract) or grant, awarded or issued relating to covered funds.

> To succeed on his ARRA claim, [the Plaintiff] would also have to show that his protected disclosures were a "contributing factor" in [the] decision to end his employment with the company. ARRA § 1553(c)(1)(A)(i). A "contributing factor" is something less than a "substantial" or "motivating" factor.

*Id.* The provision is clearly designed to protect employees from retaliation and has no application to this case.

### 8.  Patriot Act Watch List

The Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act (USA Patriot Act), Public L. No. 107-56, 115 Stat. 272, was enacted as a measure to combat terrorism-both domestic and international.  A consolidated terrorist watch list, the Terrorist Screening Database (TSDB), is maintained by the Terrorist Screening Center (TSC), a multi-agency organization administered by the Federal Bureau of Investigation. http://www.fbi.gov/about-us/nsb/tsc/tsc (accessed August 7, 2012).

An individual experiencing problems during screening, for example, a traveler, contacts the screening agency, in this example, the Transportation Security Administration (TSA) seeking redress.  *Id.*  Information on how to contact screening agencies is maintained on the TSC website. *Id.*  Unless readily resolved, such as a misidentified person, the complaints seeking relief or redress related to the watch list are forwarded to the TSC's Redress Unit.  *Id.*

The only agency with the authority to remove an individual from the list is the TSC.  *See Latif v. Holder*, 2012 WL 3031157, *2 (9th Cir. July 26, 2012)(TSC is the "final arbiter" of the list). The TSC does not reveal whether a particular person in on the watch list; however, erroneous information may be removed and individuals may be taken off the list.  *Id.*

In this case, Plaintiff believes he has been placed on the terrorist watch list.  He makes only conclusory allegations of harm he allegedly suffered as a result.  He does not indicate he sought redress through a screening agency or that he has received a determination letter from the Defendants or any agency.  No claim is stated against the Defendants.

-9-

### 9.  Conclusion

For the reasons stated, I recommend that: (1) Adams' motion for summary judgment (Doc. 28) be denied; (2) the Defendants' motion for summary judgment (Doc. 35) be granted with respect to the FOIA claims concerning Documents 1 and 2, the expedited processing claim, the APA claim, the EAJA claim, the ARRA claim, and the Patriot Watch List claim; and (3) the Defendants' motion for summary judgment (Doc. 35) be denied with respect to the FOIA claim concerning Document 3.  Defendants should be directed to submit Document 3 for *in camera* review by the Court.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of August 2012.


/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)